### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
### COURT FILE NO.: CV-_____

| | |
|---|---|
| Tracy L. Bicknese,<br><br>        Plaintiff,<br><br>vs.<br><br>Palisades Collection, L.L.C., a Foreign Limited Liability Company,  Mann Bracken, LLP, f/k/a Wolpoff and Abramson, LLP, a Foreign Limited Liability Partnership, Omni Credit Services of Florida, Inc., a Foreign Corporation, and Somana Doe, individually,<br><br>        Defendants. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.      This action arises out of these Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

### PARTIES

3.      Plaintiff, Tracy L. Bicknese, (hereinafter "Bicknese" or "Plaintiff") is an individual residing in the County of Fillmore, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Palisades Collection, L.L.C. (hereinafter "Palisades"), based upon information and belief, is a foreign limited liability company, operating from an address of P.O. Box 1244, Englewood Cliffs, New Jersey 07632, and is engaged in collecting debts and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.      Defendant, Mann Bracken, LLP, f/k/a Wolpoff and Abramson, LLP (hereinafter "Mann Bracken"), upon information and belief, is a foreign limited liability partnership, operating from an address of 301 Carlson Parkway, Suite 303, Minnetonka, Minnesota 55305, and is engaged in collecting debts and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Omni Credit Services of Florida, Inc. (hereinafter "Omni"), upon information and belief, is a foreign corporation operating as a debt collection agency with a principle business address of 4710 Eisenhower Boulevard, Suite B3, Tampa, Florida 33634, and therefore is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Somana Doe (hereinafter "Somana"), upon information and belief, is a natural person who is employed by Omni as a debt collector, whose surname is unknown to Plaintiff, operating from an address of 4710 Eisenhower Boulevard, Suite B3, Tampa, Florida 33634, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

**FACTUAL ALLEGATIONS**

8.      Plaintiff incurred an alleged obligation for primarily personal, family or household purposes, with an account number **** **** **** 6043, which is an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a consumer debt with Chase Platinum Mastercard (hereinafter "Chase").

9.      Based upon information and belief, sometime on or before December 12, 2007, the alleged debt was consigned, placed, purchased or otherwise transferred to Palisades for collection from Plaintiff.  *See* Exhibit 1.

2

10.     On or about January 7, 2008, Plaintiff's attorney, on behalf of Plaintiff, wrote directly to Palisades to dispute the alleged debt, request verification thereof, and to inform Palisades that Plaintiff was represented by an attorney, and that Palisades should not directly contact Plaintiff again.  *See* Exhibit 2.

11.     On or about January 22, 2008, Attorney Peter Fish (hereinafter "Fish"), on behalf of Palisades, wrote to Plaintiff's attorney and provided verification of the alleged debt. In that letter, Fish, on behalf of Palisades, wrote "please be assured that every effort is made by Palisades Collection, L.L.C., to ensure that collection practices are properly used and in compliance with state and federal regulations." *See* Exhibit 3.

12.     On or about January 31, 2008, Plaintiff's attorney, on behalf of Plaintiff, wrote to Fish requesting copies of the credit card disclosures that were sent to Plaintiff when the alleged credit card was opened.  *See* Exhibit 4.

13.     On or about February 22, 2008, Fish, on behalf of Palisades, wrote to Plaintiff's attorney and provided certain statements of the alleged debt, but he provided no disclosures. Fish, on behalf of Palisades wrote again, "please be assured that every effort is made by Palisades Collection, L.L.C., to ensure that collection practices are properly used and in compliance with state and federal regulations." *See* Exhibit 5.

14.     On or about March 5, 2008, Plaintiff's attorney, on behalf of Plaintiff, wrote to Fish again requesting copies of disclosures statements and credit card agreements.  *See* Exhibit 6.

15.     On or about March 17, 2008, Fish, on behalf of Palisades, wrote to Plaintiff's attorney. Instead of mailing the letter to Plaintiff's attorney, Fish, on behalf of Palisades, mailed the letter to 101 Irving Avenue South, Minneapolis, Minnesota 55408, and not Plaintiff's attorney's correct address of 3101 Irving Avenue South, Minneapolis, Minnesota 55408.

The letter identified Plaintiff by name, the account number of the alleged credit card and the amount of the alleged debt. (Fish did not provide the requested disclosure statements or a credit agreement).  This letter was received by Bonnie Chapple, an employee of the Minneapolis Public Schools, who, upon information and belief, wrote the 3 in before 101 Irving Avenue South and re-mailed the letter to Plaintiff's attorney. In his letter, Fish, on behalf of Palisades, also wrote, "this account is now being handled by our attorneys Wolpoff & Abramson. We have forwarded [Plaintiff's attorney's] letter to them and [Plaintiff's attorney] will be receiving a response from them shortly." *See* Exhibit 7.

16.     Despite Palisades's assurance that Mann Bracken was forwarded Plaintiff's attorney's information, and knowing, upon information and belief, that Plaintiff was represented by an attorney, on or about April 8, 2008, Mann Bracken, on behalf of Palisades, contacted Plaintiff directly by writing to her a letter in an attempt to collect the alleged debt. *See* Exhibit 8.

17.     On or about April 24, 2008, Plaintiff's attorney wrote to Mann Bracken to remind Bracken that Plaintiff was represented by an attorney and to determine whether or not Mann Bracken knew that Plaintiff was represented by an attorney. Mann Bracken never responded to Plaintiff's attorney's letter. *See* Exhibit 9.

18.     On or about October 18, 2008, Omni Credit Services of Florida, Inc., on behalf of Palisades, contacted Plaintiff directly by writing Plaintiff a letter an in attempt to collect the alleged debt. *See* Exhibit 9.

19.     On or about November 13, 2008, Plaintiff's attorney wrote directly to Omni in response to Omni's letter dated October 18, 2008. Plaintiff's attorney disputed the debt and requested verification thereof. Further, Plaintiff's attorney notified Omni that Plaintiff

was represented by an attorney and that all communications should be directed to Plaintiff's attorney. On November 17, 2008, Omni received the letter dated November 13, 2008 that was sent by Plaintiff's attorney. *See* Exhibit 10.

20. Omni failed to provide any verification of the alleged debt as requested by Plaintiff's attorney in the letter dated November 13, 2008, as more fully described herein, which was received by Omni on November 17, 2008, before its employee attempted to collect the alleged debt.

21. On or about November 26, 2008, despite failing to verify the disputed debt and knowing that Plaintiff was represented by an attorney, Somana telephoned Plaintiff directly at her home in an attempt to collect the alleged debt. Plaintiff spoke with Somana and reminded Somana that Plaintiff was represented by an attorney.

22. On or about the first week of December 2008, despite knowing the Plaintiff was represented by an attorney and without first verifying the disputed debt, Somana again telephoned Plaintiff directly at her home in an attempt to collect the alleged debt.

*Summary*

23. The aforementioned communications, acts and attempts to collect the alleged debt, as more fully described herein, by the above named Defendants Palisades, Mann Bracken, Omni, and Somana, constitute violations of the numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b generally, § 1692b(6) specifically, § 1692c generally, § 1692c(a)(2) specifically, § 1692c(b) specifically, § 1692g generally, § 1692g(a) specifically and § 1692g(b) specifically.

**Respondeat Superior Liability**

24.     The acts and omissions of Mann Bracken, Omni and Somana, employed as agents by Defendant Palisades who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Palisades.

25.     The acts and omissions by Mann Bracken, Omni, and Somana were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by Defendant Palisades in collecting consumer debts.

26.     By committing these acts and omission against Plaintiff, Mann Bracken, Omni, and Somana, was motivated to benefit her principal, Defendant Palisades.

27.     Defendant Palisades is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee, including by not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this alleged debt from Plaintiff.

**TRIAL BY JURY**

28.     Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

29.     Plaintiff incorporates paragraphs 1 through 28 as though fully stated herein.

30.     The foregoing acts of the Defendants constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

31.     As a result of said violations, Plaintiff has suffered out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32.     As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from each and every Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;

- For an award of actual damages for each Defendants violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692(a)(1) and 15 U.S.C.  § 1692k(a)(3), against Defendants, for Plaintiff herein;

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated this 16th day of March, 2009.          MARSO, MICHELSON & HARRIGAN, P.A.

By: _____/s William C. Michelson
William C. Michelson
Attorney for Plaintiff
Attorney I.D. No.: 129823
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817